**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRADEEP BHUSAL, | No. 08-73467 |
| Petitioner, | Agency No. A098-532-921 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2010[**]
Seattle, Washington

Before: HAWKINS, LUCERO,[***] and N.R. SMITH, Circuit Judges.

Pradeep Bhusal, a native and citizen of Nepal, petitions for review of a

decision by the Board of Immigration Appeals (BIA) affirming the oral decision of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

an immigration judge (IJ) denying Bhusal's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Even if we were to accept Bhusal's arguments that the Maoists targeted him (or his family) on account of a protected ground, Bhusal failed to establish that what happened to him amounted to past persecution. Because Bhusal has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b)(1) (2010), and Bhusal has not presented any evidence that independently establishes such a well-founded fear. Therefore, his asylum claim fails.

Because Bhusal did not satisfy the lower standard of proof for asylum, he necessarily did not satisfy the more stringent standard of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Bhusal's CAT claim was properly rejected because the record evidence does not compel the conclusion that he would most likely be tortured by or with the acquiescence of a government official or other person acting in an official capacity. *See* 8 C.F.R. § 1208.18(a)(1) (2010); *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006). Thus, the BIA's determination that Bhusal was not entitled to any relief is therefore supported by substantial evidence.

**PETITION DENIED.**

2